**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | **Criminal No. 7:21-CR-36** |
| **v.** | ) | |
| | ) | |
| **WASIL RAFAT FAROOQUI,** | ) | **By: Hon. Robert S. Ballou** |
| | ) | **United States Magistrate Judge** |
| *Defendant.* | ) | |

**REPORT AND RECOMMENDATION**

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3), and upon the
Defendant's informed and written consent, this case was referred to me for the purpose of
conducting a plea hearing.

The hearing was conducted before me on September 20, 2021. The Defendant was
present in person and with his counsel, Seth Weston. The United States was represented by
Daniel Bubar, Acting United States Attorney. The proceedings were recorded by FTR. See Fed.
R. Crim. P. 11(g).

The Government charged the Defendant in a one-count Information that on or about
March 30, 2016, Wasil Rafat Farooqui, in a matter within the jurisdiction of the executive branch
of the Government of the United States, knowingly and willfully made materially false,
fictitious, and fraudulent statements and representations, in violation of 18 U.S.C. § 1001(a)(2).
These events were charged as occurring in the Western District of Virginia.

Prior to conducting the plea hearing, the court conducted a competency hearing to
determine whether the Defendant was competent to stand trial. The Defendant faced similar
charges in United States v. Farooqui, 7:20cr0069, and in that case, I ordered that the Defendant
be detained for psychiatric or psychological treatment to restore competency, pursuant to 18

U.S.C. §§ 4241(b) and 4247(b) and (c). The report of treatment advised that the Defendant is competent to understand the nature and consequences of the proceedings and to assist properly in his defense. During the hearing on this issue, counsel for the Government and Defendant stated that they wished to rely on the report filed with the court. Accordingly, the court found that the Defendant is mentally competent for the charges against him to proceed, and that there is no reasonable cause to believe that the Defendant is presently suffering from a mental disease or defect to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. See Case No.: 7:20cr0069, Dkt. 30.

With the Defendant's informed and written consent, I made a Rule 11 inquiry; the Government presented an oral proffer of evidence for the purpose of establishing an independent basis for the Defendant's plea and subsequently filed a written Statement of Facts signed by the Defendant, his attorney and the attorney for the Government; and the Defendant entered a plea of guilty to the offense charged in the Information.

## DEFENDANT'S RESPONSES TO RULE 11 INQUIRIES

The Defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury and that he understood the Government's right, in a prosecution for perjury or false statement, to use any statement that he gives under oath against him. See Rule 11(b)(1)(A).

The Defendant testified to the following personal facts: his name is Wasil Rafat Farooqui. He is 25 years of age and completed high school. He is a natural born citizen of the United States, and can read, write, and understand English without difficulty.  He takes the antipsychotic medication Haldol via a monthly injection. He took his Haldol monthly injection on the day of this hearing. He has no other medical conditions and takes no other medications.  He testified

that he has no other medical condition, either physical or mental, which might interfere with his ability to understand and to participate fully in the proceeding. He stated that he was using no alcoholic beverage, medication, or drugs which might impair his ability to fully participate in the proceeding and that his mind was clear. He stated that he understood he was in court for the purpose of entering a plea of guilty to a felony offense, which he could not later withdraw. Upon inquiry, the Defendant's attorney represented that he had no reservations about the Defendant's competency to enter a plea of guilty to the felony offense charged in the Information.

The Defendant acknowledged that he had received a copy of the Information; it had been fully explained to him; he had discussed the charge with his attorney; and he had been given enough time to do so. He stated that he understood the nature of the charge against him in the Information and specifically understood that it charged a felony offense. See Rule 11(b)(1)(G). The Defendant waived his rights to prosecution by indictment and consented to prosecution by Information, and his written consent was filed and made a part of the record.  He stated that his decision to enter a plea of guilty to the Information had been made after consulting with his attorney. He stated he was fully satisfied with the services of his attorney, and it was his intention and desire to enter a guilty plea to the felony offense described in the Information.

The Defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States District Judge, and he gave his verbal and written consent to proceed with the hearing before me. The Defendant's written consent was filed and made a part of the record.

Counsel for the parties previously informed the Court that the Defendant's proposed plea of guilty was to be made pursuant to a written plea agreement. See Rule 11(c)(2). Counsel for the Government set forth the Government's  understanding of the plea agreement in some detail,

3

including: the agreement for the Defendant to plead guilty to making materially false, fictitious and fraudulent statement or representation in a matter within the jurisdiction of the executive branch of the Government of the United States, in violation of 18 U.S.C. § 1001 (Count One) [¶ A.1]; the Defendant's express acknowledgement of the maximum sentence for the offense [¶ A.1]; the Defendant's admission of his factual guilt to the Information and his stipulation that there is a sufficient factual basis to support each and every material allegation underlying the said charge to which he was proposing to plead guilty [¶¶ A.1, E.5]; the Defendant's express acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶ A.2]; the agreement's provision outlining the parties' agreement to a specific sentence of a period of incarceration within the range of 24 to 36 months, and that the court must sentence Defendant within this range or reject the plea agreement  [¶ B.1]; the Defendant's express recognition that if the court rejects the plea agreement, he will be given an opportunity to withdraw his guilty plea [¶ B.1]; the Defendant's stipulation that all matters pertaining to the Information are relevant sentencing conduct [¶ B.2]; the Defendant's stipulation to the 2J1.2(a) guideline sections [¶ B.2]; the terms of the acceptance of the responsibility provision [¶ B.2]; the scope of the Defendant's express waiver of his right of direct appeal [¶ C.1]; the scope of the Defendant's express waiver of his right to make any collateral attack on any judgment or sentence imposed by the Court [¶ C.2]; the Defendant's acknowledgment that he had been effectively represented in this case [¶ E.3]; the parties' express acknowledgment that the written plea agreement constituted the entire understanding between the parties [¶ E.5]; and the substance of the agreement's other terms and provisions. See Rule 11(b)(1)(B)–(N) and 11(c)(1)–(3).

The Defendant was asked what his understanding of the terms of the agreement was, and he testified that his understanding was precisely the same as that set forth by the Government's

attorney. He further represented that he had reviewed and initialed every page with his lawyer. Counsel for the Defendant, likewise, represented that his understanding was the same and he stated that he was satisfied that the Defendant understood all of its terms. The Defendant was shown the plea agreement, and he affirmed it to be his signature on the document.  He further testified that no one had made any other, different, or additional promise or assurance of any kind in an effort to induce him to enter a plea of guilty and that no one had attempted in any way to force him to plead guilty in this case. See Rule 11(b)(2). The agreement was then received, filed, and made a part of the record. The Defendant acknowledged that he knew his plea, if accepted, would result in his being adjudged guilty of a felony offense.

After the range of punishments for the offense charged in the Information had been outlined to the Defendant, he acknowledged that he understood the maximum penalty provided by law for conviction of the offense in the Information to be confinement in a federal penitentiary for five (5) years, a $250,000.00 fine, and a term of supervised release. See Rule 11(b)(1)(H). In addition, the Defendant acknowledged that he understood that he would be required to pay a mandatory $100.00 special assessment and that he may be required to pay restitution as imposed by the Court. See Rule 11(b)(1)(L). He acknowledged his agreement with the United States that he will be sentenced to a period of incarceration within the range of 24 to 36 months and that the Court must sentence him in that range or reject the plea agreement.  He acknowledged that if the Court rejected the plea agreement, he is given an opportunity to withdraw his plea.

The Defendant was informed, and he expressly acknowledged, that the Court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the Defendant's history and characteristics; the

seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the Defendant with educational or vocational training, medical care, or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; any applicable forfeiture; and any need to provide for restitution. See Rule 11(b)(1)(J)–(K).

The Defendant testified that he and his attorney talked about how the Sentencing Commission Guidelines might apply to his case and the Court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines, and other factors under 18 U.S.C. § 3553(a). See Rule 11(b)(1)(M). He stated that he understood that the Court will not be able to determine the recommended guideline sentence for his case until after the presentence report has been completed and he and the Government each had an opportunity to challenge the facts reported by the probation officer.

The Defendant acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and he knew that if the court sentenced him in the range of 24 – 36 months, he would have no right to withdraw this guilty plea. Defendant also acknowledged that if the Court rejected the sentencing range in the plea agreement he would have an opportunity to withdraw his plea. He acknowledged that he knew parole had been abolished and that he would not be released on parole. He further acknowledged that he knew and understood any sentence of incarceration imposed by the Court would also include a period of supervised release, and he knew any violation of the terms or conditions of such supervised release could result in his being returned to prison for an additional period of

6

time. See Rule 11(b)(1)(H).

Each of his procedural rights surrendered on a plea of guilty was also explained, including: his right to plead not guilty to any offense charged against him and his right to persist in any such not guilty plea; his attendant right to a trial by an impartial jury; his right to counsel to assist in his defense; his presumption of innocence; the obligation of the government to prove his guilt beyond a reasonable doubt; his right at trial to see, hear, confront, and cross-examine all witnesses presented against him; his right to decline to testify unless he voluntarily elected to do so in his own defense; his right to remain silent; his right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense; and his right to a unanimous guilty verdict. See Rule 11(b)(1)(B)–(E). The Defendant testified that he understood his right to plead not guilty and the attendant trial rights that he would waive by pleading guilty. See Rule 11(b)(1)(F).

The Defendant also acknowledged if he is not a citizen of the United States or a naturalized citizen, a finding of guilt may result in him being removed from the United States, denied citizenship or denied admission to the United States.

Pursuant to the terms of the plea agreement, the Defendant expressly acknowledged that he understood that he was giving-up all waivable rights to appeal [¶ C.1]. Likewise, pursuant to the terms of the plea agreement, he expressly acknowledged that he understood he was giving up all waivable rights to challenge his conviction or his sentence in any post-conviction proceeding [¶ C.2].

The Defendant expressly acknowledged that as part of any sentence, the Court may order him to serve a term of post-incarceration supervised release and that, if he violated the terms of his supervised release, he could be returned to prison for an additional period of time.

In direct response to further questioning, the Defendant also testified that he was pleading guilty to the offense charged in the Information because he had in fact made a materially false, fictitious and fraudulent statement or representation in a matter within the jurisdiction of the executive branch of the Government of the United States, in violation of 18 U.S.C. § 1001.

To permit the Court to determine whether an independent basis in fact existed for the Defendant's plea, counsel for the Government orally proffered a statement of facts which summarized the facts that the Government was prepared to prove at trial to establish the offense charged against this Defendant in the Information. A written statement of facts signed by the Defendant and all counsel was also filed into the record. The Defendant and his counsel did not contest any of the facts set forth by the Government. See Rule 11(b)(3).

After testifying that he had heard and understood all parts of the proceeding and after consulting further with his attorney, the Defendant stated that he remained ready to plead guilty pursuant to the terms of the plea agreement. Thereupon, the Information was read to the Defendant, he was called upon for his plea, and he entered a plea of GUILTY to the offense charged in the Information alleging his violation of 18 U.S.C. § 1001(a)(2). The clerk read the written guilty plea form to the Defendant; after acknowledging it to be correct, the Defendant executed it, and it was filed and made a part of the record.

The Defendant was then informed that acceptance of the plea agreement and his guilty plea would be recommended to the presiding District Judge, that a presentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the presentence report and to file objections to it.

8

### GOVERNMENT'S EVIDENCE

The Government proffered that, at all times relevant, the Defendant was a resident of Roanoke, Virginia.  On March 20, 2016, the Defendant was interviewed by Special Agents of the Federal Bureau of Investigation (the "FBI") regarding, among other things, his international travel to Turkey, near the border of Syria, and whether he had carried with him or abandoned any of his identification documents, including his Virginia driver's license, when he boarded a flight to Turkey on March 28, 2016.  The Defendant denied such activity.

Specifically, the following statements by the Defendant **(in bold)** were false:

Q:      . . . [Y]ou didn't take [your driver's license] with you?

A:      No.

Q:      [Before your flight left police] took a picture of you.  They also took a picture of your driver's license?

A:      Yeah.

Q:      Did you then go back to your car and put it there?

A:      **[Y]eah, I, I went, I went back to my car and I got my other ticket from Gaziantep and then boarded the plane.**

Q:      What other stuff did you have in the car?

A:      **. . . ah, license because I knew I was going across the sea.  I'm not taking that, I'm not taking my driver's license with me.  So, I left it back in the car.**

At the time of the interview, the Defendant knew that in truth and in fact, he did not return to his car and had not left his driver's license in his car before he traveled to Turkey.

The FBI is an agency of the executive branch of the Government of the United States. On March 30, 2016 at the time of the Defendant's interview, the FBI's Roanoke Resident

Agency was investigating a matter within the jurisdiction of the Government of the United States. The Defendant's knowingly and willfully false statements made to the FBI, highlighted above, were material to that investigation. Roanoke, Virginia is within the Western District of Virginia.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and the Defendant's sworn testimony presented as part of the hearing, I submit the following formal findings of fact, conclusions, and recommendations:

1. The Defendant is fully competent and capable of entering an informed plea to the charge set forth in the Information;

2. The Defendant is fully aware of both the nature of the charges set forth in the Information and the consequences of his guilty plea;

3. The Defendant is fully informed, and he understands the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. The Defendant's plea of guilty was made pursuant to a fully voluntary written plea agreement;

5. The Defendant's entry into the plea agreement and his tender of a plea of guilty pursuant to the terms of the plea agreement were both made with the advice and assistance of counsel;

6. The Defendant knowingly and voluntarily entered his said plea of guilty;

7. The Defendant's plea of guilty did not result from force, threats, inducements, or promises other than those promises contained in the written plea agreement;

8.      The plea agreement complies with the requirements of Rule 11(c)(1); and

9.      The evidence presents an independent basis in fact containing each essential element of the offense to which the Defendant has entered a plea of guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, I **RECOMMEND** that the Court accept the Defendant's plea of guilty to the offense charged in the Information, that he be adjudged guilty of the said felony offense, and that a sentencing hearing be set before the presiding District Judge.

## NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. §  636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court.  The presiding District Judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by me. The presiding District Judge may also receive further evidence or recommit the matter to me with instructions. A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.

The Clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period, the Clerk is directed to

transmit the record in this matter to Elizabeth K. Dillon, United States District Judge.

Enter: September 28, 2021

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge