IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 7:21-CR-00036 |
| | ) |
| WASIL RAFAT FAROOQUI | ) |

DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW Defendant, Wasil Rafat Farooqui, by counsel, having pled guilty to making a false statement in violation of 18 U.S.C. § 1001. Farooqui does not contend that such conduct should go unpunished; rather when considering what sentence to impose, he asks the Court to consider his life story and criminal history and to impose a sentence of twenty-four months.

Courts must "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." Gall v. United States, 552 U.S. 38, 49 (2007). This includes determining whether to apply any of the Guidelines' departure policy statements to adjust the guideline. Then, "after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable." Id., at 49-50. Lastly, if the court "decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Id., at 50.

In determining departures or variances at sentencing, the court must consider all the factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. §3553(a). See also U.S. v. Gall, 552 U.S. 38 (2007), U.S. v. Hughes, 401 F.3d 540 (4th Cir. 2005) and U.S. v Pauley, 511 F3d 468, (4th

Cir. 2007). Additionally, the Court must place on the record an "individualized assessment based on the particular facts of the case before it," whether the Court "imposes an above, below, or within-Guidelines sentence." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). "[E]very sentence requires an adequate explanation," however, "a more complete and detailed explanation of a sentence is required when departing from the advisory Sentencing Guidelines, and a major departure should be supported by a more significant justification than a minor one." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks omitted). The Supreme Court also requires the sentencing court to consider the person before the court, stating "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Koon v. United States, 518 U.S. 81, 113 (1996).

After properly calculating the guidelines then considering all the factors set forth 18 U.S.C. § 3553, the plea agreement, the sentencing evidence presented, Farooqui's life story, the facts of this case and his Virginia state sentence, this court ought to impose a twenty-four month sentence.

## PROPERLY DETERMINING THE GUIDELINES RANGE

Farooqui has no objection to the guidelines sentence calculation set forth in paragraph 67 on page 14 of the Presentence Investigation Report (PIR). Therefore, based on a criminal history of II and offense level of 12 the guidelines range is 12 to 18 months incarceration.

## ARGUMENTS IN SUPPORT OF A VARIANCE UNDER 18 USC § 3553

The court must consider all the factors set forth in 18 U.S.C. § 3553(a) as a whole to determine whether a variance is warranted. These include:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed

>   (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B)  to afford adequate deterrence to criminal conduct;
>
>   (C)  to protect the public from further crimes of the defendant; and
>
>   (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)  the kinds of sentences available;

(4)  the guidelines and the sentencing range established;

(5)  any pertinent policy statement;

(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)  the need to provide restitution to any victims of the offense.

See 18 U.S.C. § 3553(a)(1)-7); Gall v. United States, 552 U.S. 38 (2007).

**1.  Section 3553(a)(1): The nature and circumstances of the offense and the history and characteristics of the defendant.**

The United States had a multitude of options of what it could charge, including possibly a charge of attempting to provide material support to a terrorist organization. However, the United States position is that he discarded his driver's license while traveling to Syria to join the jihad, because recruiters for terrorist organization advise their recruits discard their identifying documents when joining, and therefore his lie was related to terrorism. It is important for the court to remember that this case centers around the fact that Farooqui lied to a law enforcement

officer about the location of his driver's license and that lie was related to an aborted attempt to join a terrorist organization. In reviewing Farooqui's history and characteristics the United States decided to forego many more serious charges that would carry much longer prison sentences and made the agreement with Farooqui that is now before the court. It did this, in part, because of Farooqui's confirmed mental condition and that he is already serving a sixteen-year Virginia prison sentence. Importantly, prior to the events in 2016 leading to that long sentence, all the records indicate that Farooqui was already suffering from his mental condition and had accumulated zero criminal convictions.

As set forth in more detail Dr. Murrie's psychological evaluation attached as Exhibit 1, Farooqui's long standing mental ailments clearly played a role in his actions in 2016, as they continue to do so today. His extensive psychological history reveals this is a lifelong condition he will continuously battle. Unfortunately, as the record in this case shows, he will sometimes win and sometimes lose that battle. When he is losing that battle and does something to bring him before a court, the court cannot simply disregard the conditions because he is then found competent, for being competent to go forward in court is an entirely different matter and standard than living with and battling the effects of his disease, which every doctor who examined him agrees he does. Indeed, Dr. Murrie even states that denial of diseases, minimizing them, refusing to take medicines, and appearing to be malingering, are all in fact part of the disease.

> **2. Section 3553(a)(2): The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Given the facts of this case, a sentence of twenty four months properly reflects the seriousness of this offense, promotes respect for the law, and affords adequate deterrence to

criminal conduct. The court should also consider that he still must serve the remaining unserved part of a sixteen-year state sentence for his actions that occurred around this time. Considering that, it is axiomatic that a twenty four month sentence in this case provides just punishment for the offense, provides adequate deterrence to the general public, provides him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner by returning him in the near future to the Virginia prison system where he can get the required mental health services for many years to come.

**3. Section 3553(a)(3), the kinds of sentences available, and (a)(4), the guidelines and the sentencing range established.**

As conceded above, based on a criminal history of II and offense level of 12 the guidelines range is 12 to 18 months incarceration. However, the parties entered into a plea agreement pursuant to Rule 11 (c)(1)(C) agreeing to a sentence of 24 month to 36 months incarceration. As set forth in paragraph 83 on page 19 of the PIR, pursuant to Guidelines § 6B1.2(c), the court may accept a specific agreed upon sentence under Rule 11(c)(1)(C) that is outside the recommended guidelines range. There are several justifiable reasons to accept this plea agreement, including, as set forth in paragraph 68 on page 14-15 of the PIR, that the United States obtained a Superceding Indictment referencing the case involved international terrorism. This raises the statutory maximum imprisonment from 5 to 8 years with a 12 level increase on the guidelines, which would put the recommended sentence at 41-51 months for Farooqui with a Category II and Level 21. This, of course, is only for this conviction and does not include convictions on other charges the U.S. may have placed such as a violation of 18 U.S.C. § 2339B for providing material support to a terrorist organization, which has a base offense level of 26 and several different enhancements that could result in guidelines starting in the high thirties.

Additionally, as noted in paragraph 82 on page 18 of the PIR, pursuant to Guidelines § 5H1.3, the court may consider the extent of Farooqui's mental and emotions conditions in determining the appropriate sentence if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines.  This is just such a case.

Based on the facts of this case, the court ought to impose a sentence of twenty four months, the low end of the agreement and which is a sentence greater than the applicable guidelines, but is sufficient and not greater than necessary.

4. **Section 3553(a)(5): Any pertinent policy statement.**

Guidelines § 5H1.3 is a policy statement that states "mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines."  While this is an upward departure case, for all the reasons stated herein a sentence of twenty four months is appropriate.

5. **Section 3553(a)(6): The need to avoid unwarranted disparity among defendants with similar records who have been found guilty of similar conducts.**

Farooqui has no information concerning sentences of defendants with similar records being found guilty of similar conduct.

6. **Section 3553(a)(7): The need to provide restitution to any victims of the offense.**

Farooqui is not aware of any victims in this case to whom restitution would be awarded.

## WITNESSES EXPECTED TO TESTIFY

Dr. Daniel Murrie, Ph.D., Director of Psychology, University of Virginia, Institute of Law, Psychiatry, and Public Policy, is Farooqui's only sentencing witness.

## CONCLUSION

In keeping with the requirements set forth in Koon, Farooqui moves this court to consider the person before it and view that case as the "unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Koon v. United States, 518 U.S. 81, 113 (1996).

Against this backdrop, and in light of the case law and all sentencing requirements set forth above, coupled with Farooqui's life history and the facts of this case, justice surely requires granting Farooqui motions as requested. Farooqui therefore requests this court sentence him to twenty four months incarceration, which is a sentence that is sufficient, but not greater than necessary, in compliance with the purposes of sentencing as set forth in 18 U.S.C. § 3553.

Lastly, this case was given new case numbers as it proceeded in the Magistrate's Court in September 2021. Farooqui requests the court specifically order that all the time he was held on the previous case, which is number 7:20-CR-00069, be credited towards time served in these case numbers. By specifically ordering this in the court's judgment or any other applicable order, Farooqui is trying to prevent a foreseeable circumstance wherein the person who is tasked with calculating his time served does not credit the time he was held under the previous case simply because they are unaware the previous case number and this case number are actually the same case.

Respectfully submitted this 19th day of May 2022.

                                                WASIL RAFAT FAROOQUI

                                                s/ Seth C. Weston, Esq.
                                                By: Seth C. Weston, Esq.

Law Office of Seth C. Weston, PLC
313 Campbell Avenue, SW
Roanoke, Virginia 24016

(O) (540) 342-5608
(F) (540) 301-2209
Email: seth@scwestonlaw.com
Bar # 47523
Counsel for Wasil Rafat Farooqui

### Certificate of Service

I hereby certify that I electronically filed this motion on May 19, 2022, with the Clerk of the Court using the CM-ECMF system, which will electronically notice all counsel of record.

s/ Seth C. Weston